UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARON VAN HAYNES, | Case No. 20-13432 |
|       Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| MICHIGAN DEPARTMENT OF CORRECTIONS, ET AL., | |
|       Defendants. | |
| _____/ | |

**OPINION AND ORDER OF SUMMARY
DISMISSAL, DENYING REQUEST FOR
APPOINTMENT OF COUNSEL [ECF No. 9], AND
<u>DENYING REQUEST TO ADD TO COMPLAINT [ECF No. 10]</u>**

**I.     INTRODUCTION**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff, Michigan prisoner Aaron Van Haynes, currently confined at the Parnall Correctional Facility in Jackson, Michigan, challenges his 2020 parole proceedings and parole eligibility, (ECF No. 1, PageID.4-6), a 2008 prison assault misconduct, (*Id*. at PageID.7), and his 2009 prison law library access and state court post-conviction proceedings.   (*Id*. at PageID.7–8).   He also alleges that he has been "continually mistreated" and has been a victim of discrimination due to his status as a sex offender.   (*Id*. at PageID.4).   He names the Michigan Department of

Corrections ("MDOC"), the State of Michigan, MDOC Director Heidi Washington, and Michigan Governor Gretchen Whitmer as the defendants in this action and sues them in their personal and official capacities. He seeks release on parole, review of his state post-conviction proceedings, and monetary damages. (*Id*. at PageID.8–9). The Court has granted Plaintiff leave to proceed without prepayment of the filing fees for this action pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 8).

## II.     REVIEW STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution

3

or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Courts should construe a *pro se* civil rights complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Despite this liberal pleading standard, the court finds that the instant civil rights complaint is subject to dismissal.

### III.   DISCUSSION

    A.   <u>Claims against the MDOC, the State of Michigan, and the Other Defendants in Official Capacities - Eleventh Amendment Immunity</u>

As an initial matter, Plaintiff's complaint against the MDOC and the State of Michigan, as well as his claims for monetary damages against the other defendants in their official capacities, must be dismissed. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that governmental departments and agencies, such as the MDOC, are not persons or legal entities subject to suit under 42 U.S.C. § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x. 259, 260 (6th Cir. 2002).

4

Consequently, Plaintiff's complaint against the MDOC as an entity must be dismissed.

Additionally, the Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159,

166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The State of Michigan (including the MDOC as an administrative agency within the Michigan government) is entitled to Eleventh Amendment immunity. *Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). Additionally, defendants Washington and Whitmer, who are employees of the State of Michigan and are sued (in part) in their official capacities, are also entitled to Eleventh Amendment immunity. *Will*, 491 U.S. at 70–71; *Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities must therefore be dismissed.

B.  Parole-Related Claims

Plaintiff challenges his 2020 parole proceedings and parole eligibility in his complaint. He alleges that his sister was not allowed to appear (via call in) at his parole hearing, that he was improperly denied parole due to his lack of participation in a sex offender program, and that he is unable to participate in the sex offender program, as necessary for parole, because the program has been put on hold due to the COVID-19 pandemic. (ECF No. 1, PageID.4–6).

These claims are subject to summary dismissal. First, as to Plaintiff's claim

6

concerning the rejection of his sister's call at the parole hearing, he fails to allege facts showing that the named defendants were involved in that incident. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691–92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, "condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct" to establish liability). Plaintiff fails to do so with respect to the named defendants. Furthermore, any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for another person's conduct, and/or did not properly respond to his grievances or complaints is insufficient to state a civil rights claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Second, as to Plaintiff's complaint about his lack of access to a sex offender program and his assertion that his inability to participate in that program is negatively affecting his chance for parole, he fails to state a claim for relief under § 1983. It is well-established that, while such programs may be beneficial to both the prisoner personally and to broader societal interests, there is no constitutional

7

right to education or rehabilitation while in prison. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("[p]risoners have no constitutional right to rehabilitation, education, or jobs."); *Carter v. Morgan*, 142 F.3d 432, 1998 WL 69810, *2 (6th Cir. 1998) (table); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir. 1989) (no right to rehabilitation).

There is also no federal constitutional right to parole, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979); *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990), and Michigan law does not create a liberty interest in receiving parole before the expiration of a valid sentence. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (1999); *Hurst v. Dept. of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982) (ruling that state law "creates only a hope of early release," rather than a right to release); *see also Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011); *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (*en banc*). The United States Court of Appeals for the Sixth Circuit has also rejected the argument that due process is implicated when changes to parole procedures and practices result in incarceration that exceeds the sentencing judge's subjective expectations. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010).

Consequently, Plaintiff has no due process right arising from the suspension

8

of the sex offender program due to the COVID-19 pandemic, his parole eligibility requirements, or the parole denial decision. *See, e.g., Carter v. McCaleb*, 29 F. Supp. 2d 423, 429 (W.D. Mich. 1998) ("In the absence of a liberty interest, no process is constitutionally due."). He thus fails to state a claim upon which relief may be granted under § 1983 as to such matters.

  C. <u>Prison Misconduct and Law Library Access Claims</u>

Plaintiff also alleges that he was improperly found guilty of a prison assault misconduct in 2008 and alleges that he was denied law library access to make copies in 2009 which negatively affected his state collateral review proceedings. (ECF No. 1, PageID.7-8).

These claims are subject to summary dismissal. Plaintiff again fails to allege facts showing that the named defendants were involved in the events giving rise to his prison assault misconduct in 2008 or the alleged denial of law library access in 2009. As discussed, a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *Monell*, 436 U.S. at 691–92; *Turner*, 412 F.3d at 643. Plaintiff fails to allege facts showing that the named defendants were personally involved in those incidents. To be sure, Heidi Washington was first appointed as the MDOC Director in 2015 and

9

Gretchen Whitmer was first elected as the Governor of Michigan in 2018. Consequently, they could not have been involved in events that transpired in 2008 and 2009.

Additionally, even if Plaintiff named proper defendants, such claims are untimely.[1]  In *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), the United States Supreme Court directed federal courts to apply the single most analogous state personal injury statute of limitations to claims brought pursuant to 42 U.S.C. § 1983.  The three-year statute of limitations for personal injury actions set forth in Michigan Compiled Laws § 600.5805(8) is the uniform limitations period applied to § 1983 claims arising in Michigan.  *See, e.g., Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986).  The statute of limitations period begins to run when a plaintiff knows or has reason to know about the act providing the basis for the claimed injury.  *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).  Plaintiff knew about his prison misconduct and law library access claims when those events occurred in

---

[1] The Court has discretion to raise the statute of limitations issue *sua sponte* in screening a civil rights complaint.  *See, e.g., Scruggs v. Jones*, 86 F. App'x 916, 917 (6th Cir. 2004) (affirming district court's *sua sponte* dismissal of civil rights complaint on statute of limitations grounds); *Watson v. Wayne Co.*, 90 F. App'x 814, 815 (6th Cir. 2004) (court may *sua sponte* raise statute of limitations issue when the defense is apparent on face of the pleadings) (citing *Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995)).

2008 and 2009. Consequently, his claims concerning those incidents are untimely given that he filed his complaint in 2020—well beyond the three-year limitations period.

    D.    <u>Mistreatment/Discrimination Claim</u>

Plaintiff also asserts, in conclusory fashion, that he has been "continually mistreated" and discriminated against based upon his status as a sex offender during his 19 years of incarceration. (ECF No. 1, PageID.4).

These claims are subject to summary dismissal. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004). Prisoners, however, are not members of a protected class for equal protection purposes due to their status as prisoners. *Jackson v. Jamrog*, 411 F.3d 615, 619, (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Plaintiff's equal protection/discrimination claim lacks factual support. He fails to indicate with any specificity how he was treated differently from others who are similarly situated, and he again fails to allege facts showing that the named defendants

11

personally engaged in any specific unconstitutional conduct. It is well established that vague and conclusory allegations are insufficient to state a civil rights claim under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Plaintiff fails to allege sufficient facts to state any such claims in his complaint.

    E.    <u>Criminal Proceedings Claim</u>

To the extent that Plaintiff challenges his state criminal proceedings or seeks release from custody, he is not entitled to relief. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *See e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). But claims concerning the validity of criminal proceedings or continued confinement such as those made here do not belong in an action brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the

12

relief sought by the prisoner. *Id.* at 487–89. Plaintiff does not allege or establish that any state criminal conviction has been reversed on appeal or otherwise declared invalid. Consequently, any challenge to his state criminal proceedings or continued confinement must be dismissed.

      F. <u>Request for Appointment of Counsel and Request to Add to Complaint</u>

Haynes filed a request for appointment of counsel and a request to add to his complaint on March 12, 2021. (ECF Nos. 9, 10). Haynes' request to add to his complaint states that since he filed his initial complaint in December, he has "been subject to a number of violations to [his] constitutional rights." (ECF No. 10, PageID.34). Haynes states that he would like to bring to light "[t]he method, and practice that some state actors engage in to punish outside of the law, under color of law[.]" *Id.* Haynes' request then states that he outlined many of the violations he would like to add to his complaint in prior letters and motions that he has sent to the court. *Id.*

Haynes did not file any prior letters or motions in this case as his request to amend states. However, Haynes did file a single affidavit on February 23, 2021 that includes a timeline of many alleged violations of his rights that occurred. (ECF No. 6, PageID.18). These new alleged violations all occurred in December 2020 through January of 2021. *Id.* Haynes' affidavit states that these violations

13

occurred because he is "being punished" for filing this § 1983 action. (*Id.* at PageID.17). It is unclear from the affidavit which individuals Haynes is accusing of retaliation.

Fed. R. Civ. P. 15(a) states that courts should grant motions to amend "when justice so requires." The decision to grant amendment or supplementation is within the sound discretion of the district court. *See Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974); *Cooper v. Bower*, 2017 WL 3389521, *1 (W.D. Ky. 2017). The standard for granting leave to amend under Rule 15(a) is identical to the standard governing leave to supplement under Rule 15(d). *See Spies v. Voinochi*, 48 F. App'x 520, 527 (6th Cir. 2002) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996)). In assessing whether to grant a motion for leave to amend or supplement a pleading, a district court may consider such factors as (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Mich. Consol. Gas. Co.*, 918 F.2d 579, 591 (6th Cir. 1990). Delay by itself is not sufficient grounds to deny leave to amend or supplement. *See Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484

(6th Cir. 1973); *Robinson*, 918 F.2d at 591. Further, notice and substantial prejudice to the opposing party are critical in determining whether to grant or deny such leave. *See Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 250 (6th Cir. 2000).

As explained in *Cooper*, "[i]n every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15(d), which is 'to make pleadings a means to achieve an orderly and fair administration of justice.'" 2017 WL 3389521, at *1 (quoting *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964)). For this reason, a court may deny a motion to supplement where it contains "a new legal theory, not just events that occurred after the complaint." *Id*. at *1 (quoting *Koukios v. Ganson*, 2000 WL 1175499 (6th Cir. Aug. 11, 2000)). In addition, leave to supplement may be denied if it would be fairer and more orderly to let the plaintiff raise the new claim(s) in another lawsuit. *Id.* at *1 (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008)). Indeed, "[t]he purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update his complaint to add allegations of later events relating to his original complaint." *Cage v. Harry*, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010) (citing *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y.1991)). "The rule does not, however, allow a

plaintiff to add new claims relating to new events . . . involving not the original defendant(s) but a whole new cast of characters." *Cage*, 2010 WL 1254562, at \*1; *see also Bonner v. Prison Transp. Servs.*, 2017 WL 7038793, at \*2 (E.D. Mich. Dec. 21, 2017) ("To the extent plaintiff seeks to supplement his complaint with events that occurred after the filing of the complaint in this case, any such motion should be denied because adding a whole new cast of characters and unrelated events is not the proper subject of a motion to supplement a complaint.") (citing *Cage*, 2010 WL 1254562, at \*1). Put another way, Rule 15(d) "does not allow daisy-chaining of unrelated events into a single lawsuit." *Id.*; *see also Martinez v. Vondewigelo*, 2016 WL 2587940, \*2-3 (W.D. Ky. 2016) (Prisoner plaintiff could not "daisy chain" new cast of characters and unrelated events and was required to file a new lawsuit instead.) (citing *Cage*, 2010 WL 1254562, at \*1). Where a plaintiff seeks to "daisy chain," "leave to supplement should be denied, because there is no linkage between the new allegations and those set forth in the original complaint." *Cage*, 2010 WL 1254562, at \*1.

Granting Haynes' motion to amend would permit him to "daisy chain" unrelated events to the instant action. *See Cage*, 2010 WL 1254562, at \*1. In his original complaint, Haynes brings § 1983 claims against MDOC, MDOC Director Washington, and Governor Whitmer for alleged mistreatment and denial of

16

constitutionally protected rights. (ECF No. 1, PageID.1–4). Specifically, he alleges that he was wrongfully denied parole, wrongfully denied admittance into the Michigan Sex Offender Program, was wrongfully denied access to the law library, and that he was wrongfully found guilty in his 2008 criminal proceedings. (*Id.* at PageID.4–7). In the proposed amendment, Haynes has requested to add numerous new alleged instances of discrimination to his complaint against unknown defendants, such as alleged wrongful searches, denial of grievances, and his receipt of tickets at Parnall, among other things. (ECF No. 10; ECF No. 6, PageID.18). All but three of the new alleged instances of discrimination occurred after Haynes filed his original complaint. (ECF No. 6, PageID.18). Haynes' proposed amendments thus differ from his complaint allegations in time, substance, and factual overlap. For these reasons, Haynes' proposed amendment falls within the category of claims for which it is fairer and more orderly for him the raise the claims in separate lawsuit. *See Cooper*, 2017 WL 3389521, at *1. The court **DENIES** Haynes' Request to Add to Complaint [ECF No. 10] for this reason. As this court has dismissed all of Haynes' claims and denied his motion to amend, counsel is not needed to represent him in this matter and the court **DENIES** Haynes' Request for Appointment of Counsel [ECF No. 9].

## IV. CONCLUSION

For the reasons stated, the court concludes that the MDOC is not a "person" or entity subject to suit in this action, and that the State of Michigan, the MDOC (as an arm of the State), and defendants Washington and Whitmer are entitled to Eleventh Amendment immunity. The court further concludes that Plaintiff fails to state claims upon which relief may be granted under 42 U.S.C. § 1983 in his complaint as to the named defendants. Accordingly, the court **DISMISSES WITH PREJUDICE** the civil rights complaint.

Lastly, the court concludes that an appeal from this decision cannot be taken in good faith, since the court has found that Plaintiff's claims are not actionable. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (stating that an appeal is in good faith if it is "not frivolous").

**SO ORDERED**.

Dated: July 29, 2021

s/Stephanie Dawkins Davis  
Hon. Stephanie Dawkins Davis  
United States District Court Judge